IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03007-WYD-MEH

TRAVIS A. MCGAHEE,

    Plaintiff,

v.

TRUMBULL INSURANCE COMPANY, d/b/a THE HARTFORD,

    Defendant.

---

**ORDER GRANTING STAY**

---

**Michael E. Hegarty, United States Magistrate Judge**.

Before the Court is Defendant Trumbull Insurance Company's Motion to Stay Proceedings Pending Determination of Motion to Transfer Venue [filed November 25, 2011; docket #12]. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. Colo. LCivR 72.1C, this matter has been referred to this Court for disposition [docket #14]. The matter has been fully briefed, and the Court finds that oral argument would not assist the Court in its consideration of the motion. For the reasons that follow, the Court **grants** Defendant's Motion.

**BACKGROUND**

Plaintiff initiated this action in Colorado State Court seeking damages under an insurance contract between his father and Defendant. (Docket #12, 2.) Shortly thereafter, Defendant removed the action to United States District Court in Colorado based on diversity of citizenship. At issue in the case is whether Defendant is required to provide under-insured motorist ("UIM") benefits to Plaintiff for injuries he sustained from being hit by a motor vehicle while crossing a street in Colorado Springs, Colorado. (*Id.* at 3.) Although Plaintiff received a total of $70,000.00 from three other insurance companies, he filed a claim with Defendant seeking additional compensation

under the UIM provision of his father's policy. (*Id.* at 4.) Defendant denied coverage after concluding that Plaintiff was not a resident of his parents' household at the time of the accident and was, therefore, not a "family member" within the meaning of the policy. (*Id.* at 5.) Thus, Plaintiff's residence at the time of the accident remains a critical issue in this case.

On November 25, 2011, Defendant filed a motion to dismiss [docket #10] and a motion to transfer venue [docket #11]. Chief Judge Daniel denied the motion to dismiss as moot; however, the motion to transfer venue remains pending. (*See* docket #17.) Essentially, Defendant argues that because the policy was issued in Arizona, concerns Arizona residents, and will be governed by Arizona substantive law, the case should be transferred to the United States District Court for the District of Arizona. (*Id.* at 1-2.) Plaintiff opposes the motion to transfer venue, and is "confident that the Court will deny [it]." (Docket #19, 2.)

Concurrently with the dispositive motions, Defendant filed this Motion to Stay Proceedings. At the time Defendant filed the Motion, Plaintiff opposed the relief requested. (Docket #12 at 1.) However, Plaintiff's Response indicates that he is, in fact, amendable to a stay. (Docket #19, 1.) While Plaintiff's position on the stay appears neutral at best, Plaintiff is particularly interested in vacating the Scheduling Conference currently set for January 9, 2012. (*Id.* at 2.)

## **DISCUSSION**

A stay of all discovery is generally disfavored in this District. *Chavez v. Young Am. Ins. Co.*, No. 06-cv-02419-PSF-BNB, 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007). While a stay may be appropriate if the "resolution of a preliminary motion may dispose of the entire action" (*Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003) (citations omitted), the Court is reluctant to impose an indefinite stay of proceedings pending resolution of motions that leave open the possibility of future litigation. *See Chavez*, 2007 WL 683973 at *3.

2

In determining whether a stay is appropriate, the following five factors guide the Court's analysis:

> (1) plaintiff's interest in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendant; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006); *see also Golden Quality Ice Cream Co. v. Deerfield Speciality Papers, Inc.*, 87 F.R.D. 53, 56 (E.D. Pa. 1980). Weighing the factors set forth in *String Cheese Incident* for determining the propriety of an indefinite stay, this Court finds that a stay is appropriate in this case.

Beginning with the first *String Cheese* factor, it is admittedly difficult to assess Plaintiff's interests in light of his apparent indifference to a stay. Like any litigant, Plaintiff has a general interest in proceeding expeditiously with his claims and in avoiding unnecessary delay. *See String Cheese Incident, LLC*, 2006 WL 89455 at *2. The Court, however, is reluctant to find particular prejudice on Plaintiff's behalf in the absence of Plaintiff's own assertion thereof. Thus, while Plaintiff may face some disadvantages arising naturally from any delay, Plaintiff's silence indicates that the cost of such delay will not be inordinate or unduly burdensome. The first factor weighs in favor of a stay.

The second factor *String Cheese* examines is the burden on Defendant if the parties are required to proceed with discovery while the motion to transfer venue is pending. Although the motion to transfer venue would not dispose of the matter in its entirety, Defendant provides two reasons why continuing with discovery would be inefficient and unwise. Defendant's first reason relates to the statutory bad faith claim and is, therefore, obsolete in light of Plaintiff's amended complaint and Chief Judge Daniel's ruling on the motion to dismiss. Defendant's second reason

relates to the procedural differences between the District of Arizona and the District of Colorado. Specifically, Defendant notes that the District of Arizona utilizes a multi-track case management system whereby cases are placed on different discovery tracks depending on the nature and complexity of the claims. (Docket #12 at 6.) Because litigating the case in Arizona would involve a revised set of discovery deadlines, Defendant seeks to avoid setting deadlines in this district only to "change course in the midst of litigation." (*Id.*) Plaintiff takes no position on the second factor aside from his assertion that a transfer of venue is unlikely.

While duplicitous scheduling may be inconvenient, the Court is not persuaded that a change of deadlines would unduly burden Defendant. A difference in deadlines is barely procedural, and certainly is not substantive. In any event, a transfer of venue would not affect the need to conduct discovery or the nature of the information sought. Because the potential burden to Defendant is relatively small, the second factor weighs only slightly in favor of a stay.

Consideration of the remaining *String Cheese* factors does not tip the balance in favor of either position. Defendant asserts that private and public resources will be wasted if the parties are forced to participate in two rounds of scheduling. Although the Court agrees that scheduling consumes some measure of judicial resources, the burden to the Court is relatively minor. For example, the vast majority of cases filed in this district will not go to trial, but the Court schedules trials nonetheless. In short, scheduling is not a particularly expensive process.

By contrast, the cost of delay can be significant: "[i]n the litigation context, delay is not only a practical concern...but also a social concern, as it is cost prohibitive and threatens the credibility of the justice system." *Chavez*, 2007 WL 683973 at *2 (quoting Mariel Rodak, *It's About Time: A Systems Thinking Analysis of the Litigation Finance Industry and Its Effect on Settlement*, 155 U. P.A. L. Rev. 503, 528 (2006)). However, in this case, delay seems less likely given the relative

simplicity of the pending motion and the speed with which the Court anticipates its resolution. On balance, the burdens and benefits to the Court and to the public are relatively equal. Factors three, four, and five weigh neutrally.

Because factors one and two weigh in favor of a stay, and factors three, four, and five do not affect the balance, the Court finds that a temporary stay of the proceedings is appropriate in this case.

**III.    Conclusion**

Accordingly, for the reasons stated above, the Court **grants** Defendant Trumbull Insurance Company's Motion to Stay Proceedings Pending Determination of Motion to Transfer Venue [filed November 25, 2011; docket #12]. In accordance with this order, the Scheduling Conference set for January 9, 2012 is hereby **vacated**. The parties shall file a status report *within three business days* of receiving a ruling on the motion to transfer venue so that the Court may set a Scheduling Conference if necessary.

Dated at Denver, Colorado, this 29th day of December, 2011.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge