IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.   11-cv-03007-WYD-MEH

TRAVIS A. MCGAHEE,

    Plaintiff,

v.

TRUMBULL INSURANCE COMPANY d/b/a THE HARTFORD,

    Defendant.

## ORDER

I.    <u>INTRODUCTION</u>

THIS MATTER is before the Court on Defendant Trumbull Insurance Company's Motion to Transfer Venue, filed November 25, 2011 [ECF No. 11].

This is a breach of contract and insurance bad faith action arising out of a claim for underinsured motorist benefits following an automobile/pedestrian accident that occurred in Colorado Springs, Colorado.  The case was initially filed in state district court in El Paso County, Colorado, in October, 2011, and was removed to this Court on November 17, 2011, pursuant to 28 U.S.C. § 1332(a).

According to the Complaint, Defendant Trumbull Insurance Company d/b/a The Hartford provided a personal auto insurance policy to Plaintiff's father, Aaron McGahee, that provided, among other things, underinsured motorist coverage ("the Policy").  On or about October 21, 2010, Plaintiff McGahee was hit by a motor vehicle in Colorado

Springs, Colorado. After receipt of the policy limits from the insurance policies covering the perpetrator of the accident, and his own automobile policy, Plaintiff sought additional coverage from Defendant. Defendant denied coverage based on its claim that Plaintiff was not a resident of his parents household at the time of the accident and, thus, not an insured "family member" under the Policy. Defendant also asserted that Plaintiff's negligence was 50% or more the cause of the accident and that he is not entitled to compensation under Colorado Law. Plaintiff brings claims for breach of contract and bad faith.

Plaintiff's parents are residents of Arizona and, according to the Complaint, at all times relevant, Plaintiff was a resident of his parent's household. Defendant's home offices are located in Connecticut, and it is licensed to do business within the State of Colorado.

In the instant motion, Defendant contends this case should be transferred to the United States District Court for the District of Arizona pursuant to 28 U.S.C. § 1404(a) because both Plaintiff and his parents reside in Arizona, the important issue of whether Plaintiff was a resident of his parents' household will be determined under Arizona substantive law, witness and other "key evidence" will be found in Arizona, and the cost of coordinating and resolving disputes regarding depositions, document productions, and other discovery will be lower if the action is transferred to Arizona.

II.   ANALYSIS

    A.   Legal Standard

28 U.S.C. § 1404(a) provides "For the convenience of the parties and witnesses,

in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Congress enacted the statute "as a 'federal housekeeping measure,' allowing easy change of venue within a unified federal system." *Chrysler Credit Corp. v. County Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991) (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254 (1981)). Although Congress drafted section 1404(a) in accordance with the doctrine of forum non conveniens, "the statute was intended to revise rather than merely codify the common law." *Id.* District courts therefore enjoy greater discretion to transfer a case pursuant to section 1404(a) than to dismiss the action based upon the forum non conveniens doctrine. *Id.* The moving party bears the burden of demonstrating that the existing forum is inconvenient. *Id.*

The decision whether to transfer an action lies within the sound discretion of the trial judge. *See Texas Eastern Transmission Corp. v. Marine Office-Appleton & Cox Corp.*, 579 F.2d 561, 567 (10th Cir. 1978). In exercising that discretion, the Court must "adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Chrysler*, 928 F.2d at 1516 (quoting *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)). Among the factors a district court should consider are: (1) the plaintiff's choice of forum; (2) the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; (3) the cost of making the necessary proof; (4) questions as to the enforceability of a judgment; (5) the relative advantages and obstacles to a fair trial; (6) difficulties that may arise from congested dockets; (7) the possibility of the existence

of questions arising in the area of conflict of laws; (8) the advantage of having a local court determine questions of local law; and (9) all other practical considerations that make a trial easy, expeditious and economical.  *Id.* (citation omitted).

        B.      Whether Transfer is Appropriate

Defendant asserts that transfer of this case to Arizona is appropriate because the evidence of Plaintiff's residency at the time of the accident is located in Arizona and, therefore, factors related to the accessibility of witnesses and other sources of proof, as well as the cost of discovery, strongly favor transfer.  According to Defendant, the residence issue will be resolved under Arizona law based on the following six factors:

> [Plaintiff's] presence in, or absence from, the named insured's home on the date of the occurrence; the reasons or circumstances relating to the absence or presence; the relationship of the individual to the named insured; living arrangements of the individual in earlier time periods; the individual's subjected or declared intent with respect to the place of residence; the existence of a second place of lodging.

*Mid-Century Ins. Co. v. Duzykowski*, 641 P.2d 1272, 1274 (Ariz. 1982).  Defendant asserts that it will need to depose or question Plaintiff's parents, associates, and friends, all of whom reside in Arizona and are outside the Court's subpoena power.  In response Plaintiff maintains that the only Arizona witnesses that have relevant information in this case are Plaintiff's parents, who will voluntarily come to Colorado, and Plaintiff's post-acute healthcare providers, who could testify remotely.  According to Plaintiff, many important witnesses reside in Colorado, including Plaintiff's primary healthcare providers, accident witnesses and individuals with information as to why

Plaintiff was temporarily residing in Colorado at the time of the accident. In addition, issues related to the cause of the accident will be governed by Colorado personal injury law.

Defendant maintains that causation of the accident is a secondary issue and should not be considered in resolving the instant motion because if Defendant were to successfully establish lack of coverage based on Plaintiff's residency, the causation issue would become moot.

At this stage of the litigation, and on the record before me, I cannot speculate on whether Defendant will eventually prevail on its primary defense. In addition, it is likely that the fact-intensive issue of Plaintiff's residency would be resolved by the fact-finder in conjunction with other issues, including issues related to the cause of the accident and Plaintiff's injuries. Moreover, it is not entirely clear that all of the material witnesses with information relating to Plaintiff's residency at the time of the accident reside in Arizona. Plaintiff asserts that prior to the accident he was involuntarily removed from Arizona to Colorado following an extradition order and was on probation and prohibited from leaving Colorado at the time of the accident. Thus, it appears that several Colorado residents will have relevant information concerning how Plaintiff came to be located in Colorado at the time of the accident, the cause of the accident, and Plaintiff's injuries and medical care following the accident. Finally, Plaintiff has asserted that his parents, arguably the most significant Arizona witnesses with respect to the residency issue, will voluntarily come to Colorado. Therefore, I find that consideration of the accessibility of witnesses and other sources of proof, including the availability of

compulsory process to insure attendance of witnesses, and the cost of making the necessary proof, do not weigh strongly in favor of transfer.

I also reject Defendant's contention that the residency issue is properly put to Arizonans with a local interest in the matter. The accident that is the subject of the parties' dispute took place in Colorado and, arguably, Coloradans also have an interest in the outcome of this case. However, I do agree with Defendant that Plaintiff's choice of forum deserves less deference in this case. Although a plaintiff's choice of forum is generally afforded substantial deference, it is entitled to less deference here because Plaintiff does not reside in Colorado. *See Spires v. Hosp. Corp. of Am.,* No. 06-2137-JWL, 2006 WL 1642701, at *2 (D. Kan. June 8, 2006) (holding that when the plaintiff does not reside in the chosen forum, the rationale for allowing the plaintiff to dictate the forum evaporates); *see also* 15 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure: Jurisdiction § 3848 (3d ed.2007) (observing that many courts give substantially less, if any, deference to the plaintiff's choice of forum when the plaintiff resides elsewhere).

Defendant also contends that less deference should be given to Plaintiff's choice of venue because the action was removed and, therefore, Plaintiff is no longer in his chosen state court forum, and because Colorado has little factual connection to the lawsuit. It is true that this Court is not the Plaintiff's chosen forum. However, the accident triggering Plaintiff's request for additional insurance coverage occurred in Colorado; therefore, Colorado certainly has a connection to the lawsuit. Nevertheless, I agree that, on balance, Plaintiff's choice of forum is entitled to less deference in this

case.

As to the remaining factors governing transfer, I find that they are essentially neutral and do not favor either jurisdiction.

After weighing all the factors discussed, and even after giving Plaintiff's choice of forum less deference than it would normally receive, I must conclude for the reasons set forth above that Defendant has not met its burden of demonstrating that a transfer would be appropriate "[f]or the convenience of parties and witnesses [and] in the interest of justice" pursuant to 28 U.S.C. § 1404(a).

III.  CONCLUSION

Based upon the foregoing, it is

ORDERED that Defendant Trumbull Insurance Company's Motion to Transfer Venue, filed November 25, 2011 [ECF No. 11] is **DENIED**.

Dated:  April 23, 2012

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge