IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03007-MEH

TRAVIS A. MCGAHEE,

    Plaintiff,

v.

TRUMBULL INSURANCE COMPANY, d/b/a THE HARTFORD,

    Defendant.

## ORDER REGARDING DISCOVERY

**Michael E. Hegarty, United States Magistrate Judge**.

    This matter comes before the Court *sua sponte* regarding various discovery disputes that parties brought to the Court's attention at a Status Conference held in this case on October 30, 2012. (Docket #52.) Though the Court and the parties were able to resolve most of the discovery issues, the Court took two of Defendant's discovery requests under advisement so that it could conduct further research.

**I.    Background**

    Plaintiff initiated this action in Colorado state court seeking damages under an insurance contract between his father and Defendant. (Docket # 2.) Shortly thereafter, Defendant removed the action to United States District Court in Colorado based on diversity of citizenship. (Docket #1.) At issue in the case is whether Defendant is required to provide under-insured motorist ("UIM") benefits to Plaintiff for injuries he sustained from being hit by a motor vehicle while crossing a street in Colorado Springs, Colorado. Although Plaintiff received a total of $70,000.00 from three other insurance companies, he filed a claim with Defendant seeking additional compensation under the UIM provision of his father's policy. (Docket #15 at 4.) Defendant denied

coverage after concluding that Plaintiff was not a resident of his parents' household at the time of the accident and was, therefore, not a "family member" within the meaning of the policy. (*Id.* at 5.) Thus, Plaintiff's residence at the time of the accident remains a critical issue in this case.

**II.     Discussion**

Following the October 30, 2012 Status Conference, the two remaining areas of dispute involve Defendant's entitlement to (1) documents pertaining to the resolution of Plaintiff's bills for treatment he received at Memorial Hospital immediately following the car accident; and (2) an un-redacted copy of Plaintiff's Chase Bank account statement. The Court will address each issue in turn.

      A.     <u>Documents Pertaining to Medical Treatment</u>

Plaintiff argues that he should not be required to disclose documents pertaining to the resolution of his medical liens with Memorial Hospital. The primary basis for withholding these documents is that they contain confidential medical information and the amounts actually paid are not admissible. Plaintiff, therefore, contends that the documents are not sufficiently relevant to be discoverable.

Though the Court agrees with Plaintiff that amounts paid by Plaintiff in resolution of medical expenses are not admissible under the rule articulated in *Volunteers of America Colorado Branch v. Gardenswartz*, 242 P.3d 1080 (Colo. 2010), admissibility is not a limit on discovery. For example, several courts in this circuit have found that statements made during the course of settlement negotiations are discoverable under Fed. R. Civ. P. 26 even though Fed R. Evid. 408 limits their admissibility. *See Bird v. Regents of N.M. State Univ.*, Civ. No. 08-08510BB/LAM, 2010 WL 8973917, at *4 (D.N.M. June 15, 2010) (noting that precluding discovery of settlement negotiations based on an evidentiary rule "flies in the face of open and fair discovery embodied in

Rule 26."); *Heartland Surgical Speciality Hosp., LLC v. Midwest Division, Inc.*, No. 05-2164-MLB-DWB, 2007 WL 1246216, at *4 (D. Kan. Apr. 27, 2007) ("Fed. R. Evid. 408 governs only *admissibility* of settlement negotiations and not the *discoverability* of such evidence.") (emphasis in original). Additionally, at least one other judge in this district has found that the collateral source rule does not limit the discoverability of medical expenses actually paid for treatment. *See Grabau v. Target Corp.*, 06-cv-01308-WDM-KLM, at *2 (D. Colo. Mar. 6, 2008).

Though Plaintiff has not explicitly invoked the evidentiary protection afforded to settlements as the basis for his non-disclosure, the Court is persuaded that similar logic applies. Specifically, the Court finds that Defendant's inability to present evidence of Plaintiff's actual payments to a jury does not bar Defendant from discovering documents related to those payments. Since the Court is satisfied with Defendant's articulation of a theory of relevancy which meets the requirements of Fed. R. Civ.P. 26(b)(1), the Court finds that documents pertaining to the resolution of Plaintiff's medical liens with Memorial Hospital are discoverable, and that Plaintiff is obligated to produce them. To the extent such documents contain privileged material, Plaintiff may redact the documents and produce an appropriate privilege log.

    B.    <u>Plaintiff's Chase Bank Account Statement</u>

Plaintiff has produced bank records to demonstrate that he maintained an Arizona address at the time of the accident giving rise to his insurance claim. However, Plaintiff has redacted the bank records to conceal the purchases he made and the source of the funds he received while living in Colorado Springs. Plaintiff concedes that he made a number of purchases in Colorado Springs while he was living there, but argues that the purchases are not relevant to a determination of Plaintiff's residence for purposes of insurance coverage.

Though the Court agrees that purchases of food, clothing, or other basic necessities would

not necessarily be relevant to the a determination of residence, the Court can reasonably conceive of other purchases which evince an intent to remain in Colorado after the resolution of Plaintiff's pending criminal matters in the state. For example, the purchase of an annual membership at a local fitness center, a down payment on property in Colorado, or a deposit for a year-long lease in the state would be relevant to determining whether Plaintiff intended to return to Arizona. Likewise, Plaintiff's financial contributions to Colorado churches or other community groups could indicate an investment in local social networks arising from a desire to remain in Colorado. The presence (or absence) of purchases, contributions, or investments of this kind is relevant to a determination of residency. The fact that Plaintiff's bank records may contain other residence-neutral purchases does not preclude their disclosure.

**III.   Conclusion**

Upon further consideration of the matters discussed at the October 30, 2012 Status Conference held in this case, the Court orders Plaintiff to produce (1) documents pertaining to the resolution of Plaintiff's liens with Memorial Hospital (subject to appropriate privilege redactions); and (2) a complete and un-redacted copy of Plaintiff's Chase Bank account statements during the relevant time period.

Dated at Denver, Colorado, this 7th day of November, 2012.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge